IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 10 2023

LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

| | | |
|---|---|---|
| GEORGE WEATHERFORD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:22cv00103 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SALVATION ARMY and LUTIENANT | ) | By: Hon. Thomas T. Cullen |
| HODGES, | ) | United States District Court |
| | ) | |
| Defendants. | ) | |

Plaintiff George Weatherford ("Plaintiff") worked as a seasonal bell ringer for the defendant, the Salvation Army, in late 2021. He alleges that the Salvation Army and his former manager, Lieutenant Antonio Hodges ("Hodges"),[1] discriminated against him. According to Weatherford, he was told he was being fired because he had disrespected a Wal-Mart employee, but he believes he was fired because of his advanced age. (He was 79 when he was hired and fired a month later.) Plaintiff has filed suit under various federal statutes to vindicate his rights. But because his complaint lacks the necessary factual allegations to state a claim, it must be dismissed.

I. **PLAINTIFF'S ALLEGATIONS**

During the 2021 holiday season, Plaintiff was employed as a bell ringer for The Salvation Army. (*See* Compl. ¶ 3 [ECF No. 2].) Plaintiff's daily bell ringer assignment was made by his manager, Lt. Hodges. (*See id.* ¶¶ 9.B & 9.C.) Plaintiff claims that two white employees were always assigned to the larger, higher-trafficked stores (*See id.* ¶ 9.D.) This mattered

---

[1] In his complaint, Weatherford incorrectly identified Hodges as a "Lutienant." (*See* Compl. ¶ 2.a [ECF No. 2].)

because, during the holiday season, the bell ringer who brought in the most donations would win a big-screen TV. (*See* Pl.'s Br. in Opp. to Defs.' Mot. to Dismiss pg. 2–3.) Plaintiff contends that the two white bell ringers—Anna and her son, Frankie—were given prime placements at Wal-Mart and Sam's Club, virtually ensuring that they would bring in the most money.[2] (*See* Compl. ¶ 9.C.)

On December 13, 2021, Plaintiff was assigned to collect donations at the Wal-Mart grocery store in Danville, Virginia. During a break, Plaintiff noticed what initially appeared to be a discarded piece of paper in the parking lot, but, upon closer inspection, turned out to be $24 of balled up U.S. currency. (*Id.* ¶ 9.F.) Plaintiff says a woman approached him and demanded that he return the money, stating that she would raise it with a Wal-Mart manager, but he refused. (*Id.*)

The next day, Lt. Hodges allegedly called Plaintiff and put him "on leave" until Hodges could get in touch with "the big in Georgia." (*Id.* pg. 8.) Two days later, Plaintiff says Hodges fired him because he "disrespected a Walmart employee." But Plaintiff does not believe the reason given for his termination; he contends he was fired because he was 79 years old. (*See id.* ¶ 9.C.) He also alleges that he was fired in part for complaining about the system for assigning collection locations that benefitted white employees. (*See id.*)

Plaintiff filed a charge of discrimination with the EEOC in January of 2022, but he says that no decision was made and that the EEOC turned his case over to the court "to make a

---

[2] Plaintiff did not allege any facts related to the big screen TV in his complaint. But he does allege that Anna's sister, Beth, made sure that Anna and Frankie got prime placements and, because she drove the bus that delivered the ringers to their assigned stores, she made sure that Anna and Frankie were dropped off first and picked up last to maximize the amount of time they could collect donations. (*See* Compl. ¶ 9.F.)

decision . . . ." (*Id.* ¶ 5.) Plaintiff filed suit in this court on August 1, 2022, and both Defendants filed the present motion to dismiss on September 16. (ECF No. 19.) The motion has been fully briefed by the parties. The court has reviewed Plaintiff's allegations, the arguments of the parties, and the applicable law, making the motion ripe for disposition.[3]

## II.   STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

Plaintiff is proceeding *pro se*, and for this reason his "complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (2007) (cleaned up). Nevertheless, his complaint must state a right to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Moreover, "this

---

[3] Neither party requested oral argument, and the court finds that the issues are adequately set forth in the briefs and that oral argument would not aid the court is deciding the discrete issues before it.

liberal construction does not require the court to ignore clear defects in pleading" or to "conjure up questions never squarely presented in the complaint." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 759–61 (M.D.N.C. 2018).

## III.    ANALYSIS

Defendants seek dismissal of Plaintiff's complaint on three grounds: he does not allege sufficient facts to state a claim for age discrimination under the Age Discrimination in Employment Act ("ADEA"); he does not allege facts sufficient to state a claim for race discrimination under Title VII of the Civil Rights Act; and insofar as he believes he is pressing a claim under the Fair Labor Standards Act ("FLSA"), he has not alleged any facts to support such a claim. The court will address each argument in turn.

### 1.    Age Discrimination in Employment Act

Plaintiff asserts, in conclusory fashion, that he was fired because of his age (he was 79 at the time). (*See* Compl. ¶ 9.C.) "To establish a prima facie case discrimination under either the ADEA or Title VII, a plaintiff must show "(1) he belongs to a protected class; (2) he suffered an adverse employment action; (3) at the time of the adverse action, he was performing his job at a level that met his employer's legitimate expectations; and (4) he suffered the adverse action under circumstances giving rise to an inference of unlawful discrimination." *Sweikata v. Town of Kingstree*, No. 4:20-cv-1100-SAL-TER, 2022 WL 1057186, at *5 (D.S.C. Jan. 5, 2022) (Report & Recommendation) (citing *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 201 (4th Cir. 1997), *abrogated on other grounds by Baird ex rel. Baird v. Rose*, 192 F.3d 462, 469 n.8 (4th Cir. 1999)), *adopted by* 2022 WL 780774 (D.S.C. Mar. 15, 2022). In the context of an allegedly discriminatory discharge, the fourth element can be shown by, for example,

presenting evidence that, "following his discharge, [Plaintiff] was replaced by someone with comparable qualifications outside the protected class." *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998).

Defendants argue that Plaintiff has failed to allege that he was performing his job satisfactorily (prong 2), or that he was fired under circumstances that give rise to an inference of discrimination (prong 4). Defendants contend that, because Plaintiff states that he was told he was being fired for disrespecting a Wal-Mart employee, he has alleged he was *not* meeting his employer's legitimate expectation, but that argument is easily rejected. Plaintiff is alleging that the proffered reason was a pretext for discrimination, and that the *true* reason for his discharge was his age. Moreover, a party need not plead a prima facie case to survive a motion to dismiss; "[a] plaintiff is only 'required to allege facts to satisfy the elements of a cause of action created by . . . statute.'" *Brown v. AECOM*, No. 7:21-cv-00438, 2022 WL 263551, at *3 (W.D. Va. Jan. 27, 2022) (quoting *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015)).

Although Defendants' specific argument holds no water, their general point does. Plaintiff has not alleged any *facts* that would raise an inference that he was terminated on account of his age. To the contrary, the facts alleged in Plaintiff's complaint *undercut* his conclusory assertion that his age was a motivating factor in the decision to terminate him. Plaintiff alleges that he began working with The Salvation Army on November 11, 2021, approximately one month before he was fired. (*See* Compl. pg. 7.) Without more, it is hard for the court to make the inferential leap that The Salvation Army hired a 79-year-old and then fired him a month later because he was 79 years old. Absent additional facts that would suggest

that his age was a factor in the decision to fire him, Plaintiff's complaint has failed to allege a *plausible* claim of age discrimination.

   2.  Race Discrimination in Violation of Title VII

   Title VII of the Civil Rights Act outlaws discrimination in employment. The elements of a prima facie case of Title VII discrimination are: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). "An employee need not allege specific facts to make out a prima facie case." *Jeffries*, 320 F. Supp. 3d at 760 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). He must, however, allege sufficient facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

   Like his ADEA claim, Plaintiff has not alleged facts that would raise a right to relief above a speculative level. Not even *he* alleges that he was fired because of his race. Rather, the only mention of race is in relation to placement assignments for bell ringers. Because Plaintiff does not connect the bell-ringing assignments to an adverse employment action, he has failed to state a claim under Title VII.

   3.  Fair Labor Standards Act

   On the civil cover sheet that accompanied his complaint, Plaintiff checked the box to indicate that his claims arise under the FLSA. (*See* ECF No. 2-1.) "The FLSA is best understood as the 'minimum wage/maximum hour law.'" *Trejo v. Ryman Hospitality Properties, Inc.*, 795 F.3d 442, 446 (4th Cir. 2015) (quoting *Monahan v. Cnty. of Chesterfield*, 95 F.3d 1263, 1266 (4th Cir. 1996)). "In enacting the FLSA, Congress intended 'to protect all covered

workers from substandard wages and oppressive working hours." *Id.* (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981)). "The substantive section of the FLSA, narrowly focusing on minimum wage rates and maximum working hours, bear out its limited purpose." *Monahan*, 95 F.3d at 1267 (cleaned up).

Plaintiff's allegations, however, fall short of stating a claim under the FLSA. He does not mention the hours worked or his rate of pay, he makes no allegation that he was required to work more than the maximum allowed by law, and he does not allege that he was paid less than the minimum required by law. Without such allegations, he has not stated a claim under the FLSA.

4. Other Potential Claim—Retaliation Under Title VII

Because Plaintiff is not an attorney and his pleadings are not organized by claim, the court, to some degree, must make its best guess as to whether Plaintiff is asserting other claims based on the facts he alleges. As noted above, Plaintiff has not stated a claim for race discrimination as it relates to his termination. But he does make several allegations regarding race, and he does allege that he was fired after he complained to his boss about the preferential treatment of white bell ringers (a mother and son). The court does not have the benefit of Plaintiff's EEOC charge, so it is unaware whether Plaintiff is attempting to make a retaliation claim against The Salvation Army and Lt. Hodges. But the facts, as alleged, could be read to assert such a claim.

To state a claim for retaliation under Title VII, a plaintiff must allege: "(1) he engaged in a protected activity, (2) he suffered an adverse employment action at the hands of [his employer]; and (3) [the employer] took the adverse action because of the protected activity."

*Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 190 (4th Cir. 2001). Giving Plaintiff's complaint a liberal construction, he alleges that, shortly after he complained about white employees getting better, more lucrative assignments, he was terminated. (Compl. ¶ 9.C.) Those allegations could plausibly state a claim for retaliation.

But the court is hesitant to conclude that Plaintiff is asserting a retaliation claim because there is no evidence before it that such a claim was first presented to the EEOC. It is well-settled that "[t]he allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996). Without knowing the scope of the allegations made before the EEOC, the court cannot determine whether this claim was properly exhausted, *see Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) ("Before a plaintiff may file suit under Title VII or the ADEA, he is required to file a charge of discrimination with the EEOC."), *abrogated on other grounds by Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843 (2019), and therefore whether a claim of retaliation is properly alleged, *see id.* (noting that the "scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents").

Accordingly, although the court will dismiss Plaintiff's complaint for failure to state a claim for age or race discrimination (or for violation of the FLSA), the court will grant Plaintiff 14 days to file an amended complaint. If he chooses to do so, he should clearly identify each claim he is asserting, and support each claim with factual allegations.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's complaint fails to state a claim for age discrimination, race discrimination, or violation of the FLSA, and Defendants' motion to

dismiss will be granted. Plaintiff will be given 14 days to file an amended complaint if he so chooses.

The Clerk is directed to forward copies of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 10th day of January, 2023.

*/s/ Thomas T. Cullen*

HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE